UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| C.R.,<br><br>                         Petitioner,<br><br>-against-<br><br>KENNETH GENALO, New York Field Office Director for U.S. Immigration and Customs Enforcement; PAUL ARTETA, Warden of Orange County Correctional Facility; PAMELA BONDI, Attorney General of the United States; KRISTI NOEM, Secretary of Homeland Security; and Todd M. LYONS, Acting Director, U.S. Immigration and Customs Enforcement,<br><br>                         Respondents. | ORDER<br>26-cv-00593 (ER) |

EDGARDO RAMOS, United States District Judge:

       C.R. filed a petition for the writ of *habeas corpus* pursuant to 28 U.S.C. § 2241 on January 22, 2026. Doc. 1. The next day, the Court ordered the government to file a letter indicating, *inter alia*, (1) whether the Petitioner was located in the Southern District of New York at the time that the Petition was filed, (2) the statutory provision(s) under which the Respondents assert the authority to detain the Petitioner, and (3) if the asserted basis for the Petitioner's detention is 8 U.S.C. § 1225(b)(2)(A), whether there is any basis to distinguish this case from this Court's decision in *Liu v. Almodovar*, 25-cv-9256 (S.D.N.Y. Dec. 2, 2025). Doc. 9.

       The government filed the response letter on January 27, 2026. Doc. 7. In the letter, the government concedes that venue is proper because the Petitioner was in the Southern District of New York when the Petition was filed. *Id.* at 1. The government also asserts that the basis for the Petitioner's detention is 8 U.S.C. § 1225(b)(2)(A) and that the "instant case is not materially distinguishable from the facts and legal issues presented in the Court's decision in *Liu*." *Id.* at 2.

Thus, while the government "respectfully disagree[s] with the Court's decision in that case, [the government] acknowledge[s] that the *Liu* decision would control the result in this case if the Court adheres to its prior decision." *Id.*  The government does not raise any argument for departing from *Liu*, but rather "rely[] on, and incorporate by reference, the legal arguments [the government] presented in *Liu*." *Id.*  The government also indicates that it "believe[s] the Court can decide this matter without further briefing." *Id.*

Having been presented with no additional argument for deviating from *Liu*, the Court therefore GRANTS the Petition for the reasons set forth therein.  The government is thereby ORDERED to immediately release C.R. from custody and certify compliance with the Court's order by filing an entry on the docket no later than January 29, 2026.

C.R.'s counsel is instructed to submit any fee application and corresponding billing records to the Court by February 11, 2026.  The government is instructed to file any opposition by February 25, 2026.

Dated:   January 28, 2026
         New York, New York

_____
EDGARDO RAMOS
United States District Judge