**U.S. Department of Justice**

*United States Attorney*
*Southern District of New York*

*86 Chambers Street*
*New York, New York 10007*

**MEMO ENDORSED**
On Page 3.

October 9, 2026

By ECF
Hon. Edgardo Ramos
United States District Judge
Southern District of New York
500 Pearl Street
New York, New York 10007

Re: *C.R. v. Genalo, et al.*, No. 26 Civ. 593 (ER)

Dear Judge Ramos:

This Office represents respondents (the "Government") in this habeas corpus action, in which petitioner C.R. ("Petitioner") challenged his detention by U.S. Immigration and Customs Enforcement. The Court entered judgment for Petitioner on February 17, 2026. ECF No. 19. On May 18, 2026, Petitioner filed a motion seeking attorneys' fees under the Equal Access to Justice Act ("EAJA"), 28 U.S.C. § 2412(d). ECF No. 20. I write respectfully to request that the Court hold Petitioner's EAJA motion in abeyance pending the Supreme Court's decision in *Montoya Palacios v. Liggins*, No. 25-1223. This Court has recently granted the government's request to stay determination on an EAJA motion in a similar case. *See Garcia Montalban v. Genalo*, 832 F.Supp.3d 330 (S.D.N.Y. 2026). Petitioner does not object to this request.

Like this case, *Montoya Palacios* involves a motion for attorneys' fees under EAJA following a successful petition for writ of habeas corpus challenging immigration detention. The issue in *Montoya Palacios* is whether, under EAJA, the phrase "any civil action," 28 U.S.C. § 2412(d)(1)(A), encompasses habeas petitions challenging immigration detention.

The courts of appeals are divided on the issue. The Fourth and Fifth Circuits have held that EAJA does not waive the United States' sovereign immunity because the phrase "civil action" in § 2412(d)(1)(A) does not unambiguously encompass habeas petitions challenging immigration detention. *See Barco v. Witte*, 65 F.4th 782, 785 (5th Cir. 2023); *Obando-Segura v. Garland*, 999 F.3d 190, 197 (4th Cir. 2021). In contrast, the Second, Third, and Tenth Circuits have held that EAJA does waive the United States' sovereign immunity in such cases because the phrase "civil action" in § 2412(d)(1)(A) unambiguously encompasses habeas petitions challenging immigration detention. *See Vacchio v. Ashcroft*, 404 F.3d 663, 668 (2d Cir. 2005); *Michelin v. Warden Moshannon Valley Corr. Ctr.*, 169 F.4th 418, 432 (3d Cir. 2026), *rehearing en banc denied*, 169 F.4th 160 (3d Cir. 2026); *Daley v. Ceja*, 158 F.4th 1152, 1162 (10th Cir. 2025), *rehearing en banc denied*, (10th Cir. Apr. 3, 2026).[1] While the Second Circuit has decided otherwise, the

[1] While the Ninth Circuit allowed attorneys' fees under EAJA following a successful habeas petition in *In re Hill*, that case is inapposite to the circuit split because the petitioner there was not in custody and filed a habeas petition to challenge the denial of an application to enter the United

Government maintains that Petitioner is not eligible for attorneys' fees because habeas proceedings are not encompassed within the EAJA phrase "any civil action."

Because this matter presents the same issue as *Montoya Palacios*—whether EAJA allows an award of attorneys' fees in an immigration habeas action—the Supreme Court's decision in that case, with briefing already underway, and where a decision is expected in the current term of the Court, will be dispositive of this legal issue concerning a threshold eligibility question. Holding Petitioner's motion in abeyance promotes judicial efficiency and conserves judicial resources. *See Consumer Fin. Prot. Bureau v. MoneyGram Int'l, Inc.*, No. 22 Civ. 3256 (KPF), 2022 WL 17547438, at *2 (S.D.N.Y. Dec. 9, 2022) ("Courts within this Circuit have routinely stayed cases 'when a higher court is close to settling an important issue of law bearing on the action.'" (quoting *Sikhs for Just. v. Nath*, 893 F. Supp. 2d 598, 622 (S.D.N.Y. 2012))). Further, Petitioner will not suffer any prejudice if this abeyance motion is granted because Petitioner was released due to this Court's grant of Petitioner's habeas petition. At most, the only potential effect will be a limited delay in the payment to his attorney.

Courts have granted stays in similar cases. *See, e.g.*, *O.F.C. v. Almodovar*, No. 25 Civ. 9816 (LJL), ECF No. 31 (S.D.N.Y. Oct. 5, 2026); *Garcia Montalban v. Genalo*, No. 26 Civ. 1808 (ER), ECF No. 49 (S.D.N.Y. July 30, 2026) (granting stay of EAJA motion pending *Montoya Palacios*); *Martinez v. Joyce*, 25 Civ. 10376 (GBD) (BCM) (citing *In re Zimmer*, 2021 WL 5963392, at *4 (S.D.N.Y. Dec. 16, 2021)) (staying the petitioner's fee motion "[b]ecause *Palacios* could be dispositive of the fee motion in this action, and because '[c]ourts regularly stay cases where an appeal in a related case will resolve (or at least greatly simplify) the issues in the stayed case.'"); *Salgado v. Francis*, 25 Civ. 6524 (VEC), 2026 WL 2123305, at *1 (July 23, 2026) (ordering the Government's request to stay briefing on Petitioner's anticipated EAJA motion pending *Palacios*); *see also Salazar Osuna v. Genalo*, 2d Cir. No. 26-2445, ECF No. 22 (2d Cir. Oct. 8, 2026) (granting stay of appeal from EAJA decision pending *Montoya Palacios*); *but see, e.g.*, *Ahmadi v. Francis*, No. 26 Civ. 154 (ALC), ECF No. 31 (S.D.N.Y. Aug. 4, 2026) (denying motion to stay EAJA motion pending *Montoya Palacios*).

For the foregoing reasons, the Government respectfully requests that the Court hold Petitioner's attorneys' fees motion in abeyance until 30 days after the Supreme Court issues a decision in the pending *Montoya Palacios* case. Should this motion be denied, the Government respectfully requests that its response brief be due fourteen days from the date of the order denying this motion, a request that Petitioner does not oppose.

I thank the Court for its consideration of this request.

---

States. 775 F.2d 1037, 1039–41 (9th Cir. 1985). Modern statutes do not allow habeas petitions to be used for that purpose. *Hill* is therefore limited to its unique facts.

Respectfully submitted,

JAMES M. MCDONALD
United States Attorney for the
Southern District of New York

By: s/ *Tudor M. Neagu*
TUDOR M. NEAGU
Special Assistant United States Attorney
86 Chambers Street, Third Floor
New York, New York 10007
Telephone: (646) 906-5441
E-mail: tudor.neagu@usdoj.gov
*Attorney for Respondents*

cc: Counsel of Record (by ECF)

The Government's request for a stay is granted. Petitioner's motion for attorneys' fees will be stayed until 30 days after the Supreme Court issues a decision in *Montoya Palacios*.

SO ORDERED.

Edgardo Ramos, U.S.D.J.
Dated: October 22, 2026
New York, New York